# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**CENTENNIAL BANK,**
**Guardian of the Estate of**
**Mary Moore Stiny**                                               **PLAINTIFF**

v.                              No. 3:17-cv-226-DPM

**RENA WOOD**                                                       **DEFENDANT**

## ORDER

**1.** Motion for order, № 87, granted as modified. The Court appreciates counsel's collaboration and Centennial's clarifying reply, № 100. It adopts their agreed framework with some tinkering.

First, the Hoxie house. Centennial should provide Wood with names of two local real estate agents by 8 June 2018. Wood should pick one by 15 June 2018. As soon as practicable, the house should be listed for a period of ninety days at no less than the appraised value. The proceeds from the sale will be placed into this Court's registry pending a final decision on the merits. Status report on progress toward sale due by 1 September 2018.

Second, the tax return issues. The parties agree that they should be corrected and amended. This must be done by 1 September 2018 and the parties must file notice with the Court. As for the costs, those will be paid from Bank of America account No. xxxxx-5307 and subject

to reimbursement by Wood after judgment on the merits. The same goes for the prior costs, including those associated with the returns from 2015 to 2017, № *100 at 4*. Many of these tax and cost issues can't be decided short of a decision on the merits. *№ 90 at 1–2.*

Third, the caregiver claims. The Court will hold a hearing. The claimants must appear before the Court and present their claims, and the parties may examine them under oath. The parties should file simultaneous five-page briefs seven calendar days before the hearing so the Court can prepare for it. On that date, they should also deliver a set of agreed exhibits to Jonesboro chambers and file their exhibit list.

Fourth, the Old Pocahontas Road house. There is no agreement about the sale of this property; and it may be profitable in its current condition. So it will not be sold. And Mrs. Stiny's personal effects should remain in storage there, at no cost to any party. The Bank must, however, check on the personal effects from time to time to make sure that they are being safely stored. Weather damage, for example, could be a real and preventable issue. The Bank should provide monthly reports to Wood through counsel.

Fifth, the Court appreciates the update on the BMW. It looks forward to Centennial's status report on 29 June 2018. *№ 90 at 1.*

**2.** Motion to approve 2017 accounting, *№ 91*, granted. This report looks very good. Attorney's fees related to this accounting will

be addressed in due course on a complete record. None are requested with specificity at this point.

**3.** Second motion for attorney's fees, № 93, reluctantly granted as modified. The Court understands that oversights happen. It also understands that many legal issues in this case necessarily involve California trust law. So, Darvish's communications with lead counsel are justified in most instances. The Court authorizes payment of $7,000 of the $9,112.50 requested. This reduction is necessary to rein in unexpected charges at an hourly rate that is 50% higher than the reasonable and customary rate in this District. The Court directs Wood and Linder & Associates to pay $2,475 as re-financing related fees; Wood must pay the balance from the Bank of America account.

**4.** The "emergency motion to extend discovery cut-off date," № 101, is denied without prejudice.

There's no emergency. The three depositions have been rescheduled. The Court assumes the documents requested will be produced sufficiently in advance of those depositions to be useful there. And the parties are free to conduct any needed clean-up discovery this summer by agreement.

Second, and relatedly, Darvish's role in this case must be reduced to conform to the Court's prior Order and reasonableness. He is second chair with a limited area of responsibility. To repeat: "Lilly is lead counsel. Fees incurred for Darvish's work should be the minimum

necessary to adequately represent the Trust on the California law issues raised by Centennial." № 79 at 4.

Darvish's recent papers demonstrate too big a role. Lilly must take the lead on all filings with this Court; no more Darvish-only filings. Lilly must direct and guide all the work. Lilly must, for example, depose Baker and Robbins; Darvish should, of course, help prepare Lilly on any material California trust law issues. But unless Wood wants to pay for travel time and expenses, Darvish may participate in the Arkansas depositions only by telephone or video conference. Likewise, because of the substance involved and for efficiency, Darvish must depose Tennen, with Lilly helping on the preparation and participating only by telephone or video conference. Darvish has an important but limited part in this case; to get paid with trust funds, he must ride shotgun, not drive.

The Court notes that Centennial has several lawyers. If the real issue on Wood's side of the case is "we need more hands on general litigation tasks," then Lilly should find additional counsel to help at or below Lilly's hourly rate.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 May 2018

-4-