IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CENTENNIAL BANK,
Guardian of the Estate of
Mary Moore Stiny                                               PLAINTIFF

v.                          No. 3:17-cv-226-DPM

RENA WOOD                                                       DEFENDANT

## ORDER

**1.** The Court notes the new dispute about Smith's evidentiary deposition, № 231. The Court will address it soon. There's no need for a hearing on Monday about privilege issues related to Smith. But the Court prefers to convene at 1:30 p.m. Monday with counsel only to address exhibits, jury instructions, and other remaining pretrial issues. We will pick the jury Tuesday morning, and then open Tuesday afternoon. Centennial should have one witness present for late Tuesday afternoon in case things move quickly. Most of the parties' proof, though, should be presented Wednesday and Thursday.

**2.** Whether the Bank is entitled to a jury trial in this diversity case is a question of federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963) (*per curiam*). California law governs construction of the trust's beneficial provisions, and the Stiny/Wood powers of attorney, but not this issue. *Compare* CAL. PROB. CODE § 16421 (1991). The Seventh

Amendment requires a jury when one is requested in a suit at common law where more than $20 is at stake. Federal Rule of Civil Procedure 38(a) preserves the parties' Seventh Amendment right "inviolate." Here, the amount in controversy is satisfied many times over. In addition to the various kinds of equitable relief, the Bank seeks damages for alleged conversion of survivor trust income by Wood during her fiduciary relationships with Mrs. Stiny.

In general, a dispute about trust administration and alleged violations of fiduciary duties would have been handled by a court of equity. RESTATEMENT (SECOND) OF TRUSTS § 197 (1959). There was and is an exception. "If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment." RESTATEMENT (SECOND) OF TRUSTS § 198(1) (1959). This trust provides that, after Mr. Stiny's death, "the Trustee shall pay to or apply for the benefit of [Mrs. Stiny] the net income of the Survivor's Trust in monthly or more frequent installments[.]" № 37-2 at 8. This provision supports a legal claim for immediate payment to Mrs. Stiny or others for her benefit. The Bank has chosen to make this legal claim in terms of conversion, which was actionable at common law. Wood doesn't invoke the rule against a conversion claim where the personal property involved is money, perhaps because that rule has been relaxed. *E.g., Welco Electronics, Inc. v. Mora*, 166 Cal.Rptr.3d 877, 881–82 (2014). As

the Supreme Court noted in *Ross v. Bernhard*, the Seventh Amendment entitles "the parties to a jury trial in actions . . . for conversion of personal property." 396 U.S. 531, 533 (1970). The Seventh Circuit's decision in favor of a jury trial in similar circumstances is persuasive. *Jefferson Nat. Bank of Miami Beach v. Central Nat. Bank in Chicago*, 700 F.2d 1143, 1148–50 (7th Cir. 1983).

As Justice Holmes counseled, we must think things, not words. Did Wood withhold survivor trust income wrongfully? Did she spend it on herself and others, rather than for Mrs. Stiny's benefit? This case is about those things. The Bank's claim that Wood exercised her control over this money improperly presents a legal claim that a jury should resolve no matter whether that claim is labeled account, debt, general assumpsit, or conversion. RESTATEMENT (SECOND) OF TRUSTS § 198, comment b (1959). That the Bank could have chosen to proceed entirely in equity on a breach of fiduciary duty claim, and not invoke its Seventh Amendment right, doesn't undermine its assertion of the claim at law in this federal court.

The equitable relief the Bank seeks beyond damages, and the trust context, make this a mixed case. The Supreme Court has been clear in these circumstances: the jury tries the legal claims first; then the Court decides any equitable claims and any equitable remedies, bound by the facts found by the jury. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471–73 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959).

The Bank says conversion is its core claim. Wood's fiduciary duties—under the powers of attorney, the delegation, and the trust—are the context. Wood had some authority to control survivor trust income. If a conversion beyond that authority occurred, there was a breach of those duties—the two travel together. The Court intends to instruct on fiduciary duty, as well as whatever defenses are supported by the proof, such as Mrs. Stiny's grants of authority, instructions, or consent. The Court is working on a draft set of jury instructions, which it will circulate tomorrow. Wood's objections to the jury trial, № 228, are overruled.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 December 2018