A. Preliminaries

- Thank you for serving. Echo "Called to Serve."

- A morning of speaking the truth, *voir dire* = twelve people good and true.

- Rest of the week.

- Urgent or extraordinary obligations this week?

- Rules of the Road:

    - Can I be completely fair and impartial?

    - Can I decide the case based solely on the evidence seen and heard in this courtroom, the law as explained by the Court, and my common sense?

    - Questions and Answers. You = you and your immediate family.

    - Raise your hand, state your name, and answer.

- Can answer at the bench if uncomfortable answering a particular question in front of others.

- Everybody got a notepad?

- Questionnaires. Summary. Confirm lawyers have.

- Case Sketch—Not evidence, just background. This is a civil case about a trust and how family members have handled trust income. Mrs. Mary Stiny is the lifetime beneficiary of a trust that she and her now-deceased husband established. Rena Wood is Mrs. Stiny's daughter. Wood helped her mother manage the trust's assets, including some apartments in California. Mrs. Stiny has gotten older, and has now been found

incompetent because of dementia. Centennial Bank has been appointed guardian of Mrs. Stiny's estate. The Bank filed this case alleging that Wood has spent trust income, which belonged to Mrs. Stiny, for herself and others. Wood responds that she spent the trust income only as directed or approved by Mrs. Stiny before she became incompetent.

- Introductions
  - Plaintiff = Centennial Bank, Guardian of the Estate of Mary Moore Stiny, an Incapacitated Person
  
    Lawyers = Jim Lyons, David Tyler, & Carla Nadzam
  - Defendant = Rena Wood

Lawyers = Martin Lilly & Elan Darvish

- Potential Witnesses

    Rena Wood

    Steve Baker

    Paul Tennen (via video deposition)

    Robert Smith (via video deposition)

    Joyce Roberts

    Peggy Miles

    Mike Archer

    Helen Robins

    Coleman Taylor

    Dr. Carrie Hunter

    Summer Oldenburg

    Eric Nelson

    Roger Brand

- 5 -

Court's Final *Voir Dire*  3:17-cv-226-DPM
10 December 2018  *Centennial Bank v. Wood*

Deborah Gatrel

Record Custodian for Lawrence Health Family Services (No Name Provided)

Record Custodian for Bank of America (No Name Provided)

Record Custodian for Iberia Bank (No Name Provided)

- Non-witness Caregivers

    Leslie Moore

    Bev Moore

    Vernon Moore

    Tom Moore

    JoAnn Harris

    Janet Brand

    Carline Anglim

- 6 -

Court's Final *Voir Dire*  3:17-cv-226-DPM
10 December 2018  *Centennial Bank v. Wood*

    Martha Gibson

    Jayme Walker

- Other People That Touched This Case in Some Way

    Mark Johnson

    Circuit Judge Philip Smith

    Christian Harrod

    Robert Jones

    Stewart Lambert

    Roger Brand

    Eric Nelson

    Wesley Gates

- Anyone know the parties? Lawyers? Witnesses? Caregivers? Other folks that touched the case?

- Anyone know anything about this trust dispute?

B. General Background Questions

- Know other panel members? Know lawyers or Court staff? Know witnesses?

- Legal training or experience? Deal with the law regularly through work?

- Prior jury service?

- Prior court experience? Sued or been sued? Witness?

- Religious convictions against sitting in judgment?

- Negative feelings about banks?

- Negative feelings about lawyers?

- Negative feelings about civil justice system?

    - Too many lawsuits?

    - If sue, then win?

- Follow the law even if…?

C. Call **Eighteen**, But All—Notepads

**D.** Case-Specific Questions

**Remember, answer about you and your immediate family; can approach to answer sensitive questions**

- Anyone know anything about this case before this morning? Heard about it? Read about it?

- Anyone know anything about trust management? Work with trusts in your job?

- Anyone ever acted pursuant to a durable power of attorney for someone?

- Anyone ever been a trustee of a trust?

- Anyone ever been a beneficiary of a trust?

- Anyone ever managed property for someone? For someone who couldn't do it themselves for health reasons?

- Anyone ever acted as an agent for someone?

- Anyone ever sued a relative or other person over a financial dispute?

- Anyone ever been sued about a financial dispute?

- Any bad experience with banks? Negative experiences or feelings?

- Ever worked for a bank in any capacity?

- Any prior experience with Centennial Bank?

- Anyone spend a lot of time dealing with financial advisors?

E. Juror Question Time

- News Sources?

- Bumper Stickers?

- Hobbies?

- Social Media?

- Last Movie or Book?

- Favorite TV Show?

- Fox or CNN?

F. The Unasked Question?

G. Lawyers' Follow-Up Questions? Fed. R. Civ. P. 47(a).

H. Strikes for Cause. FED. R. CIV. P. 47(c).*

---

* **Rule 47. Selecting Jurors**
    (a) EXAMINING JURORS. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.
    (b) PEREMPTORY CHALLENGES. The court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870.
    (c) EXCUSING A JUROR. During trial or deliberation, the court may excuse a juror for good cause.

*Allen v. Brown Clinic,* **531 F.3d 568, 572 (8th Cir. 2008).**
"To challenge a juror for cause, a party must show actual partiality growing out of the nature and circumstances of the case. A district court is required to strike for cause any juror who is shown to lack impartiality or the appearance of impartiality, and, absent abuse of discretion, we will not interfere with the district court's determination of juror qualifications. The district court is

I.   Peremptory Challenges.  FED. R. CIV. P. 47(b).**

- Three each side.

- Challenging Strikes.  Race or Gender?  *Batson*.***

---

given broad discretion in determining whether to strike jurors for cause because it is in the best position to assess the demeanor and credibility of the prospective jurors."

** **28 U.S.C. § 1870**

"In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.

All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the Court."

*** **Three-part test**.

"In order to succeed on a *Batson* challenge, a party must satisfy a three-part test. First, an objecting party must make a *prima facie* showing that a peremptory challenge was made on the basis of race. Second, if a *prima facie* showing has been made, the party striking the juror must offer a race-neutral basis for striking the juror in question. Third, the trial court must determine whether the objecting party has proven the ultimate question of purposeful discrimination. . . .  We . . .

- 12 -

**J.** Seat and Swear Jury.

"You and each of you do solemnly swear or affirm to well and truly try the matter now on trial and render a true verdict according to the law and the evidence."

**K.** Thanks and Goodbye *venire*.

---

strongly urge the district courts to make on-the-record rulings articulating the reasoning underlying a determination on a *Batson* objection." *Cook v. City of Bella Villa*, 582 F.3d 840, 854 (8th Cir. 2009).