**1**

Ladies and gentlemen, here are some initial instructions about this case and your duties as jurors. At the end of the trial I will give you more instructions. I'll also give you instructions during the trial. Unless I specifically tell you otherwise, all my instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

I'm the judge of the law and you're the judges of the facts. Your duty is to determine the truth from the evidence and the reasonable inferences arising from the evidence. Don't guess. Don't speculate.

This is a civil case about a trust and how family members have handled trust income. Mrs. Mary Stiny is the lifetime beneficiary of a trust that she and her now-deceased husband established. Rena Wood is Mrs. Stiny's daughter. Wood helped her mother manage the trust's assets, including some apartments in California.

Mrs. Stiny has gotten older, and has now been found incompetent because of dementia. Centennial Bank has been appointed guardian of Mrs. Stiny's estate. The Bank filed this case alleging that Wood has spent trust income, which belonged to Mrs. Stiny, for herself and others. Wood responds that she spent the trust income only as directed or approved by Mrs. Stiny before she became incompetent.

You will decide what the truth is. You are entitled to consider all the evidence in the light of your own observations and life experiences. Use reason and common sense to draw conclusions from facts that have been established by the evidence. Apply those facts to the law that I give you in these and in my other instructions to reach your verdict. While you are the sole judges of the facts, you must follow the law whether you agree with it or not.

Don't allow any sympathy or any prejudice to influence you. The law demands of you a just verdict, unaffected by anything

except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**2.**

The evidence includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by Centennial Bank and Wood—and any facts that have been judicially noticed—that is, facts which I say you must accept as true even without evidence.

Certain things are not evidence:

1. Statements, arguments, questions, and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. Don't be influenced by the objections. If I sustain an objection to a question, ignore the question and don't try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence. Ignore it.

4. Anything you see or hear about this case outside the courtroom is not evidence. Ignore it.

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which they item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Don't be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. Give all evidence the weight and value you believe it is entitled to receive.

Court's Final Preliminary Instructions
10 December 2018

3:17-cv-226-DPM
*Centennial Bank v. Wood*

**3.**

In deciding what the facts are, you must decide what testimony to believe and what testimony you don't believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider several things: the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence you believe.

A caution about considering a witness's demeanor while testifying. Many folks are nervous just being in court. And there are bold liars and shy truth-tellers. Use your common sense, and

be discerning, when judging someone's credibility based on their demeanor on the stand.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection, a lapse of memory, or a lie. That may depend on whether it has to do with an important fact or only a small detail.

**4.**

The party with the burden of proof must prove the facts by a preponderance of the evidence. To prove something by a "preponderance of the evidence" is to prove that it is more likely true than not true. It's determined by considering all of the evidence and deciding which evidence is more believable. The preponderance of the evidence is not necessarily established by the greater number of witnesses or exhibits a party has presented. If Centennial Bank has the burden of proof on a fact, and the evidence is equally balanced, then Centennial Bank has not carried its burden. If Rena Wood has the burden of proof on a fact, and the evidence is equally balanced, then Rena Wood has not carried her burden.

You've probably heard of the term "proof beyond a reasonable doubt." This is a stricter standard, which applies only

in criminal cases. It doesn't apply in civil cases like this one. Put the reasonable-doubt standard out of your minds.

**5.**

When the lawyers have finished questioning each witness, you may propose questions to clarify the testimony. In your questions, follow these rules:

- Don't express any opinion about the testimony;
- Don't argue with a witness; and
- Don't sign your name or juror number.

Submit your questions in writing by passing them to the Court Security Officer. I will review each one with the lawyers. If the question is proper, the lawyers or I will ask it.

Don't put any special weight on a question just because a juror suggested it. Don't put any special weight on the question because I may be the one asking it. And consider the witness's answer just like any other piece of evidence.

You may not get your question answered. For example, I may decide that the question is not proper under the rules of evidence.

And even if the question is proper, you may not get an immediate answer. For example, a later witness or a coming exhibit may provide the answer.

Don't feel slighted or disappointed if your question isn't asked or answered immediately. Remember, you aren't advocates for either side; you're impartial judges of the facts.

**6.**

At the end of the trial you must make your decisions based on what you recall of the evidence. You will not have a written transcript to consult. You may pay close attention to the testimony as it is given.

You can take notes, though, to help you remember what a witness said. If you do, please keep your notes to yourself. Don't share them with your fellow jurors during the trial. At the end of trial, when you go to the jury room to deliberate and decide the case, then you can share them with each other. And don't let note taking distract you so that you miss other answers by the witness.

When you leave at night, your notes will be locked up. No one will read them. At the end of the trial, all notes will be destroyed.

**7.**

During the trial, from time to time I'll have to talk just the lawyers. We'll have a bench conference or a recess. Please understand that while you're waiting, we're working. The purpose of these conference is to discuss evidence questions, plus avoid confusion and error. We'll keep the number and length of these conference to a minimum.

**8.**

Finally, to ensure fairness, you must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the end of the trial after I've discharged you as jurors.

*Third*, when you are outside the courtroom, don't let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and I've discharged you as jurors. If someone tries to talk to you about the case during the trial, report it to the court security officer immediately.

*Fourth*, during the trial don't talk with any of the parties, lawyers, or witnesses involved in this case—don't even pass the time of day with any of them. It is important not only that you do

justice, but that you also appear to do justice. If a person from one side of the lawsuit sees you talking to a person from the other side of the lawsuit, a suspicion about your fairness might arise. I suspend the rules of good manners. Please ignore the lawyers, parties, witnesses, me, and my staff outside the courtroom.

*Fifth*, you'll have to tell your family, friends, teachers, coworkers, or employer that you've been selected as a juror and must be in court. Warn them not to ask you for details. Don't name the case, the parties, or tell them what it's about. Don't listen to anything someone may say to you, or in your presence, about the case. You must not communicate with anyone about the parties, witnesses, participants, claims, evidence, or anything else about the case, or tell anyone anything about the jury's deliberations in this case, until after I accept your verdict.

During the trial, while you are in the courthouse, and after you leave for the day, don't provide any information to anyone by

any means about this case. For example, don't talk face-to-face with someone. And don't use any electronic device or media such as the telephone, a cell phone, a smart phone, iPad, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, Snapchat, YouTube, or Twitter to communicate to anyone any information about this case. After the trial is done, and I've accepted your verdict, then you can talk or post about the case.

*Sixth*, don't do any Internet research—using Google, for example—about the case. Don't do any research using libraries, reading the newspaper, or in any other way making any investigation about this case on your own. Don't visit or view any place discussed in this case. Don't use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony. And don't research any

information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

**Ask each juror: Juror No. –, on your oath, do you promise not to post anything about your jury service on any social media such as Facebook, Twitter, Snapchat, or Instagram during the trial? On your oath, do you promise not to use the Internet to look up anything about the case, the matters discussed, the lawyers, Mrs. Stiny, Rena Wood, Centennial Bank, any witness, me, or the law?**

*Seventh*, don't read any news articles in print, on the Internet, or in any blog, about the case or about anyone involved with it, or listen to any radio or television report about the case or about anyone involved with it. In fact, until the trial is over I suggest that you take a news holiday: avoid reading newspapers; avoid watching TV news; avoid radio newscasts; and avoid news on the Internet. I also suggest that you avoid social media, such as

Facebook and Twitter. I don't know whether there will be any news report about this case. But if there are, you might stumble into reading or listening to something before you could do anything about it. I assure you: by the time you've heard all the evidence in this case, you'll know more about it than anyone could learn through the news media.

The reason for all these rules is to protect the integrity of the trial.

**9.**

Here is how the trial will go:

First, a lawyer for each side will make an opening statement. These statements aren't evidence; they're simply a summary of what the lawyers expect the evidence to be.

Next, each side will present their evidence—witnesses, documents, photographs, and other things to you. The lawyers will question the witnesses and you can too, as I explained.

After all the evidence is in, I'll instruct you on the law. Then the lawyers will make their closing arguments. They'll summarize the evidence and ask you to decide the issues for their clients. Closing arguments are not evidence. Finally, you'll go to the jury room, deliberate, and answer some questions I'll give to you.