# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**CENTENNIAL BANK,**
**Guardian of the Estate of**
**Mary Moore Stiny**                                                    **PLAINTIFF**

v.                              No. 3:17-cv-226-DPM

**RENA WOOD**                                                           **DEFENDANT**

## ORDER

**1.** The Court appreciates the parties' post-trial filings on loose ends. Several motions need deciding.

**2.** Wood moves the Court to reconsider the reduction in the last round of Darvish Firm fees. The Court has done so. While the Court is heartened to learn that the Firm trimmed approximately forty to fifty hours before submitting the fee request, that information should have been provided before. Instead, the submitted bill's two "no charge" entries indicated they were all the reduced time. № 278 at 34. And, without details about the pre-bill cuts, the Court can't fully evaluate them. The Court can say, and does again, that an unreasonable amount of time was spent overall. This bill should have been cut more. The motion for reconsideration requires the Court to speak plainly, with some examples.

Counsel mishandled the Smith issues. One of the results was an excessive amount of Firm time on the deposition, the discovery disputes, and the run up to trial.

On duplication: The Court notes the nineteen hours billed by the Firm on December 11th and the eighteen plus hours billed on December 12th (which doesn't include Mrs. Darvish's eight and a half hours), and Mr. Lilly's twelve to thirteen hours of work on those days. A full work day of twelve to thirteen hours by each of Wood's lawyers during trial was reasonable. More is not.

On Mrs. Darvish's time and trial: the context is important. As the parties know from the Court's prior Orders (and statements from the bench) on fees, the Court has had continuing concerns about the Firm's fees. The Court specifically approved two lawyers at trial, not three. The Court is unpersuaded that the case took a turn in last months that required another partner-level attorney from the Darvish Firm at trial. The Court approved payment for much pretrial work. There were many exhibits, but only a handful were critical. Twenty or so documents were the focus. In any event, preparing exhibits is work for an experienced paralegal, or a young lawyer, with supervision by a senior lawyer. The Court's prior ruling about Mrs. Darvish's trial time and expenses stands.

Last, and by way of summary, Wood is entitled to know that, as it weighed all material considerations on the amount of a reasonable

fee for the Darvish Firm's work in the months before trial and at trial, the Court considered making even a deeper reduction in the Firm's last bill. The new information about pre-bill reductions confirms that the Court was right not to cut more.

**3.** Centennial's request for guardian fees, and related attorney's fees and costs, is generally approved. Wood's objections are mostly overruled. The Court agrees with both sides that a $2,100 reduction in guardian fees is appropriate for the unspecified entries. The Bank has received one small payment during almost three years' work as guardian. № 155. The fees now requested are reasonable in rate, task, and amount. The Court agrees with the Bank that it is entitled to be compensated for litigation-related time in pursuit of Trust income to pay Mrs. Stiny's expenses and on trustee issues. The Bank's claims were not frivolous, and were pursued in good faith. The Bank prevailed on its alternative claim for a co-trustee. The litigation-related expenses, including those connected with the Tennen and Smith depositions in California, are recoverable. All were reasonably incurred partly in pursuit of Trust income, which belonged to Mrs. Stiny, and the trustee issues.

The Bank is right that the Lawrence County Circuit Court authorized Tennessee counsel. The Court, however, needs more information on Fusner's fees. The Court would appreciate itemized statements covering the February 2016, October 2016, and February

2017 payments. Clarification on Fusner's hourly rate is also needed. Extrapolating from the March 2017 bill, it seems to be approximately $348/hour; while a similar calculation based on the December 2017 bill seems to show approximately $292/hour. Last, the Court wonders about the eight hours of lawyer time in September 2017 to gather pleadings. This seems like a paralegal task, with limited lawyer review.

Wood's objections to the Bank's motion are otherwise overruled. The Court will authorize payment of guardian fees and expenses (with the agreed $2,100 reduction) to the Bank. The Court will also authorize payment to Lyons & Cone, less a holdback for Fusner fees. Payment is approved in principle, with the specific amount to hang fire pending the clarification requested. Please file a notice attaching all Fusner-related papers by 25 March 2019.

**4.** Next, payments to Wood. She is entitled to reimbursement for reasonable attorney's fees incurred in Trust-related litigation. She has demonstrated payment. But the Court would appreciate copies of the lawyers' bills so it can evaluate reasonableness and confirm that all the work involved the Trust. Please file the bills by 25 March 2019. Wood is also entitled to litigation-related mileage of $940.67, plus the $100 deposit to open the trust account at Bank of America.

Wood is also entitled to a reasonable fee for her work as successor co-trustee of the Survivor's Trust between June 2016 and December 2018. That work included litigation-related efforts, apartment

management at a distance, and securing the assets at the First National Bank of Lawrence County. The Court disagrees with the Bank: the $6,000 a month Wood received at Mrs. Stiny's direction, after Wood moved to Tennessee and her apartment-related duties were substantially reduced by Linder & Associates' work, is not fairly credited against Wood's co-trustee work from June 2016 to December 2018. The jury's verdict is conclusive that no conversion or breach of fiduciary duty occurred in the monthly payments actually made to Wood. And the Court agreed: Mrs. Stiny approved all these payments—before the move and after.* But the Court also disagrees with Wood's argument. It overreads the verdict, and the Court's ruling, to say that either approved $6,000 per month payments after June 2016. No such payment was ever made. Therefore, no conversion in breach of a fiduciary duty could have occurred. This issue was neither presented to nor decided by the fact-finders at trial.

Just as the Court must consider and approve a reasonable fee for a co-trustee, when one can be found, the Court must exercise its independent judgment and set a reasonable compensation for Wood— between June 2016 and December 2018, and going forward. *№ 37-2 at 20, § C.* Mrs. Stiny's decision weighs in the balance, but is not

---

* As best the Court recalls, much of the $41,417.71 in March 2016 went to lawyer fees. Wood should address this when she files the lawyer's bills.

determinative. After Wood's move, the monthly payments to her were more about a generous mother with income far exceeding her needs than about work for the Trust. The initial payments to family members for spending time with Mrs. Stiny and Mrs. Moore were much the same thing. Wood has spent hundreds of hours on Trust-related litigation, refinancing the apartments, and dealing with tax issues. And she has continued overseeing the two apartment complexes, though with Linder & Associates and the on-site managers carrying most of the load. All material things considered, including all the trial testimony and documents, the Court concludes that Wood is entitled to $3,000 a month (from June 2016 forward) as a reasonable fee for her co-trustee work. These payments are in the nature of wages. Notwithstanding some uncertainty about the specific amount, Wood's entitlement to compensation is sufficiently definite that interest is appropriate, both as a matter of fairness and California law, to make her whole for the delayed payment. CAL. LAB. CODE § 218.6; CAL. CIV. CODE § 3289(b).

Wood is entitled to backpay of $93,000 (31 months x $3,000), plus interest of $13,498.79, which equals $106,498.79. She's also entitled to $9,000 for January through March 2019. Until the Court orders otherwise based on changed circumstances, the Court authorizes Wood to write herself a check for $3,000 each future month that she serves as co-trustee, starting in April 2019, from the Bank of America, account

No. xxxxx-5307. The Court orders Bank of America to honor those checks in due course.

**5.** The Court appreciates Wood's status report, № *286*. It's careful and helpful.

- It's good to know about the California Court's authorization of division of the Exemption Trust. Please follow up with Smith about any implementation and report by March 25th.

- Wood's steps on the amended tax returns show good progress. The Court agrees with the plan she outlined at pages 2–3 of *№ 286* and authorizes Wood to implement that plan as specified. In particular, Mrs. Stiny should be the named trustee for 2014 and 2015 returns, with Wood being the signing trustee. Mrs. Stiny was declared incompetent in March 2016. *№ 1-1 at 1–4*. Wood became the successor co-trustee at that point. Wood should therefore be denominated as trustee on the 2016 and 2017 returns.

- The availability and cost of an institutional co-trustee is vexing. The Court directs Wood, if she has not already done so, to consider institutions based in Northeast Arkansas. The Court also authorizes her to expand her search to lawyers, CPAs, and other similar professionals in Northeast Arkansas. For the reasons Wood gives, an institutional co-trustee may not be necessary. We will see what the options are. The geographic focus is aimed at minimizing future expenses, as well as having someone within easy reach of the Court. The Court appreciates Wood's continuing efforts to locate a solid proposed co-

trustee, who will charge fair but modest fees, for the important but limited tasks necessary.

- The Court agrees that the same institution or person selected as co-trustee should also serve as guardian of the estate. Centennial remains in place for now. The Court requests that Centennial and its lawyers consult with and help Mr. Lilly on the successor issue. The Court will await the developing circumstances on the guardianship of Mrs. Stiny's person.

The Court would appreciate a further status report from Wood on the unresolved issues by 25 March 2019.

6. The Clerk of Court advises that the registry contains $483,137.09. To implement this Order, the Court directs the Clerk to make the following payments as soon as practicable:

- Centennial Bank          $ 34,382.50

- Lyons & Cone            $ 27,604.44

- Rena Wood               $116,539.46**
  c/o Martin Lilly

*  *  *

Amended motion for guardian fees, and related attorney's fees and costs, № 280, granted. Fees for Fusner approved in principle, with

---

| | | |
|---|---|---|
| ** $115,498.79 | - | Co-trustee fees |
| $ 1,040.67 | - | Out-of-pocket expenses |
| $116,539.46 | - | Total |

the amount to await additional information. Original motion on these issues, № 279, denied without prejudice as moot. Wood's motion for payment, № 282, granted as modified. Reimbursement of attorney's fees incurred approved in principle, with the amount to await additional information. Motion to reconsider Darvish Firm fees, № 284, denied. The Court would also appreciate a brief report from Wood about cash on hand with Linder & Associates and any recent apartment-related issues. Please file all the additional materials, and another status report, by 25 March 2019.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 February 2019