IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CENTENNIAL BANK,
Guardian of the Estate of Mary
Moore Stiny                                                                                    PLAINTIFF

v.                                   No. 3:17-cv-226-DPM

RENA WOOD                                                                                    DEFENDANT

IN THE MATTER OF THE
GUARDIANSHIP OF MARY MOORE
STINY, an incapacitated person

No. 3:17-cv-227-DPM

ORDER

**1.** These cases are consolidated under the 3:17-cv-226-DPM number, but there are issues in each, and some of the papers were filed only in 3:17-cv-227-DPM. The Court directs the Clerk to file this Order in both cases. The Court regrets that the press of other business has delayed addressing the pending matters.

**2.** No one has objected to Wood's request that Joyce Roberts be substituted for Helen Robins as guardian of Mrs. Stiny's person. № 301 at 2. The Court is familiar with Roberts from the hearing on caregiver claims. She is appointed to serve in this important role. Robins is discharged with the Court's thanks.

**3.** Beverly Moore's request for a further payment for caregiver services, № 299, is denied. She has not responded to the Court's request for additional documentation. № 300 at 2. The Court ordered payment based on all existing records in November 2018. № 209. That decision stands.

**4.** On co-trustee fees. The Court directs Bank of America to pay Wood $9,000 (for April, May, and June) from account No. xxxxx-5307. The Court further directs Bank of America to pay Wood $3,000 on the first of each month, starting in July 2019, from account No. xxxxx-5307, until further Order of the Court. As it has said before, the Court will revisit the amount once a co-trustee is in place and most loose ends have been tied up.

**5.** On reimbursement of Wood's trust-related-litigation attorney's fees. The Court authorized them in principle. *№ 294 at 4.* Wood has submitted some bills, which the Court appreciates. There are three loose ends. First, the Court requests Wood to confirm that no Trust funds paid these bills originally. *№ 294 at 5 at \*.* Second, please also supplement on Larry McCredy's bill: there's no itemization for approximately $1,300 of the $5,220 total. *See № 301 at 12–13.* The $225 hourly rate is reasonable. Third, please clarify on Coleman Taylor's bills. He testified at trial in detail about his work; no itemization is needed. The $225 hourly rate is reasonable. But the Court is unclear

about the total requested for reimbursement. Please explain with reference to *№ 301 at 14–15*.

**6.** The Court directs Centennial Bank (as the temporary and limited purpose trustee of the Elijah and Mary Stiny Trust dated June 6, 2000, and as guardian of Mrs. Stiny's estate) to dismiss with prejudice the complaint filed at the Court's direction in the Lawrence County Circuit Court against The First National Bank of Lawrence County a/k/a First National Bank of Lawrence County in case No. CV-2018-104. The Court understands Centennial Bank's hesitation in acting, given the Court's intention to appoint a successor co-trustee for the Survivor's Trust and a successor guardian. But, the Judgment, *№ 295*, answered all the merits questions about Wood's actions involving Mrs. Stiny's First National Bank of Lawrence County accounts. Resolution of the stayed case, which preserved potential related claims against the First National Bank of Lawrence County, does not have to wait on a successor co-trustee or a successor guardian of the estate. When it files notice with this Court of dismissal with prejudice of Lawrence County Circuit Court case No. CV-2018-104, Centennial Bank shall be discharged as a temporary and limited purpose trustee. If it has not already submitted a bill for related attorney's fees and expenses, Centennial Bank should do so. Notice of dismissal and bill due by 14 June 2019. First National Bank of Lawrence

County's motion to intervene and pursue the dismissal, № 45 in case No. 3:17-cv-227-DPM, is denied without prejudice as moot.

**7.** Wood's mostly unopposed motion to appoint a successor co-trustee of the Survivor's Trust, № 301, is granted as modified. The Court has no doubt that Mr. Lilly could and would do the job well. All material things considered, though, it would be better to have a co-trustee who has not been an advocate for one of the parties. The Court is familiar with Brant Perkins's character, ability, and experience. He would do very well. The Court directs Wood to contact him, confirm his willingness to serve, and solicit a proposal about what he would charge. Centennial and Wood should also confer about the issue of bond and whether the Court (based on the Trust documents, the circumstances, and the governing law) must require one. Report from Wood on all the co-trustee issues due by 14 June 2019.

**8.** As indicated before, it makes good sense for the successor co-trustee to also serve as guardian of Mrs. Stiny's estate. Centennial should therefore prepare for the hand off of records and related material. The Court also requests Centennial to prepare a contact list with information about all the Trust remainder beneficiaries. It also makes good sense to consider appointing the successor co-trustee as trustee of the Exemption Trusts. The remainder beneficiaries are probably entitled to notice, and an opportunity to be heard, before the Court acts. On that note, Wood owes the Court a follow-up report from

Smith about implementation of the Exemption Trusts. № 294 at 7. An update on amended tax returns, *ibid.*, would be informative, too.

**9.** The Court appreciates Wood's update about the apartments and funds held by Linder & Associates. The Court notes that the management company had approximately $350,000 of net rent on hand in February 2019. *№ 301 at 2.* The Court directs Wood and Linder & Associates to deposit all funds in excess of $100,000 in Bank of America account No. xxxxx-5307. Notice of deposit due from Wood by 14 June 2019.

**10.** The Court appreciates the parties' joint report, *№ 302.* The Court agrees that replacing the roof, and doing some related repairs, on the house at 502 Old Pocahontas Road in Walnut Ridge is prudent. The $8,459.73 total cost is reasonable. Centennial should proceed, paying for the work out of the guardianship account. The Court also authorizes Wood to open a new Chase account for rent proceeds, as co-trustee of the Survivor's Trust. That, too, is a prudent step in the circumstances. Has Linder & Associates changed its name to Tennen & Associates? The Court directs that the house repairs, and the account change, be made as soon as practicable.

*   *   *

Helen Robins is relieved as guardian of Mrs. Stiny's person and Joyce Roberts is appointed in her place. Beverly Moore's request for another caregiver payment, № 299, is denied. Co-trustee's fees to Rena

Wood directed now (for April, May, and June) from the Bank of America account and on the first of each month starting 1 July 2019. Further information from Wood—on trust-related fees, Exemption Trusts implementation, tax returns, and rent proceeds deposit—requested by 14 June 2019. Centennial is directed to dismiss the state case against the First National Bank of Lawrence County with prejudice, and provide notice to the Court, by 14 June 2019. Centennial must also prepare for its discharge as guardian of Mrs. Stiny's estate, as specified. Motion to appoint co-trustee, № 301, granted as modified and with directions for details on Perkins's fee and bond by 14 June 2019. Motion to intervene in case No. 3:17-cv-227-DPM, № 45, denied without prejudice as moot. Roof replacement and related repairs approved and authorized. New Chase account for rent payments approved and authorized. Joint report, № 302, addressed.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

15 May 2019