# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CENTENNIAL BANK,
Guardian of the Estate of Mary
Moore Stiny                                                                   PLAINTIFF

v.                                    No. 3:17-cv-226-DPM

RENA WOOD                                                                     DEFENDANT

## ORDER

The Court appreciates the parties' joint status report, № 308. The Court will address the pending issues in the same order as the parties.

**1.** The Court notes and approves Centennial's dismissal of the case against The First National Bank of Lawrence County.

**2.** The Court appreciates the contact list for potential remainder beneficiaries.

**3.** The Court is glad to hear that all the roof-related repairs on the house at 502 Old Pocahontas Road in Walnut Ridge, Arkansas have been made.

**4.** For the reasons stated on the record at the end of the trial, to implement this Court's Judgment, № 295, and pursuant to CAL. PROB. CODE § 15660(d), the Court appoints G.S. Brant Perkins as co-trustee of the Survivor's Trust of the Elijah and Mary Stiny Trust dated June 6, 2000, as amended, on the terms outlined in his 7 June 2019 letter,

№ *308-1 at 5*. As the Court declared, № *295*, Rena Wood remains co-trustee of the Survivors Trust. The Court appreciates Perkins's willingness to serve. The Court confirms that Wood and Perkins must agree on all Trust-related actions. And the Court directs that they must seek Court approval before making any payment or expenditure in excess of $25,000. In accordance with Article 12 of the Trust, and California law, CAL. PROB. CODE § 15602, Perkins must post a surety bond. All material things considered, including the payment/expenditure limitation, a $100,000 bond will be sufficient to protect the beneficiaries' interests. The cost of the bond is an expense chargeable to the Trust. CAL. PROB. CODE § 15602(d). Perkins must file the proposed bond by 30 August 2019.

**5 & 6.** The Court agrees that the guardianships of Mrs. Stiny's person and estate should be ended. The Court relieves Joyce Roberts as the guardian of Mrs. Stiny's person. The Court approves Centennial's final accounting, № *308-1 at 10–16*. The Court approves Centennial's final fee request, № *308-1 at 20*. And the Court approves Lyons & Cone's reasonable attorney's fees and expenses for guardianship-related work, № *308-1 at 21*. Centennial's embedded motions covering all this ground are granted. The Court authorizes Centennial to pay itself and its lawyers, deliver all Mrs. Stiny's property to the personal representative of her estate, and execute all documents necessary to effectuate that delivery. Centennial should file a short

confirming report by 31 July 2019. The Court thanks Centennial, and its lawyers, for their service on behalf of Mrs. Stiny.

**7.** The Court understands that other matters have occupied Wood's time in recent weeks. The Court notes Wood's confirmation that the Trust did not pay any part of the attorney's fees she incurred in trust-related litigation. Further report on these fees due by 31 July 2019. The Court would appreciate a comprehensive filing, which gathers in one place all fee-related documents.

**8.** The Court notes and approves the $252,694.23 deposit in Bank of America account No. xxxxx-5307 by Linder & Associates.

**9.** The Court appreciates the report on the Chase Bank account.

**10.** The Court also appreciates the report on the Exemption Trust. This Trust needs administration, too. There is, however, no current trustee. For coordination with the Survivor's Trust, efficiency, and other good cause, and pursuant to CAL. PROB. CODE § 15660(d), the Court appoints Rena Wood and G.S. Brant Perkins as co-trustees of the Exemption Trust (and any sub-trusts into which it may eventually be divided) of the Elijah and Mary Stiny Trust dated June 6, 2000, as amended. These appointments are subject to the right of any remainder beneficiary to object in due course after notice. As with the Survivor's Trust, the co-trustees of the Exemption Trust must act with unanimity and seek Court approval before making any payment or expenditure in excess of $25,000. Perkins's $100,000 surety bond must also cover his

work as co-trustee of the Exemption Trust (and any subtrusts). The Court directs Wood and Perkins to confer and propose a plan for notifying the potential remainder beneficiaries.

**11.** The Court appreciates the report of good progress on the tax issues. The Court previously approved engaging CPA Dean Fredgant of SingerLewak to prepare the returns. *№ 129 & 125*. Fredgant now works for SL Biggs, a division of SingerLewak. The Court directs the Clerk of Court to pay SL Biggs c/o Dean L. Fredgant $5,000 as an additional retainer. The Court authorizes Wood and Perkins to execute the proposed engagement letter with SL Biggs, *№ 308-2 at 9–11*, with these changes: All but the last sentence of the first paragraph on page 3 must be deleted. The Court does not approve the proposed limitations period, the punitive damages waiver, or the compensatory damages limitation. The Court specifically authorizes Wood and Perkins to execute any needed IRS Form 2848, authorizing Fredgant and SL Biggs to act as attorney-in-fact with the Service on any tax issue related to any Stiny Trust or subtrust. Both co-trustees must review and approve the tax returns before they're filed. And the Court authorizes the co-trustees to direct any needed changes.

\* \* \*

Confirming report from Centennial Bank on payments and delivery due by 31 July 2019. Lilly should also be in a position to account for Stiny's final medical expenses and funeral expenses by that

-4-

date.  If there are any excess funds, Lilly should deposit them in Bank of America account No. xxxxx-5307.  Further report from Wood on trust-related attorney's fees also due by 31 July 2019.  Proposed bond due by 30 August 2019.  Report from Wood and Perkins on notice to potential beneficiaries due by 30 August 2019.  Report on tax issues also due by 30 August 2019.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*1 July 2019*